UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ALEJANDRO VENTURA-SANTOS,

    Defendant.

Case No.: 2:24-cr-00039-001

Judge Algenon L. Marbley

## DEFENDANT'S SENTENCING MEMORANDUM

Now comes the Defendant, Alejandro Ventura-Santos, by and through undersigned counsel, and respectfully submits the following Sentencing Memorandum to aid this Honorable Court in its consideration of the sentencing issues in this case.

### I. INTRODUCTION

On March 18, 2024, the Government filed a one (1) count Information charging Mr. Ventura-Santos with one (1) count of money laundering conspiracy. Mr. Ventura-Santos quickly accepted responsibility for his actions, and on April 26, 2024, he pled guilty to the one-count Information pursuant to a binding plea agreement. Pursuant to this agreement, the parties agreed on a prison term of 70-108 months.

Sentencing in this matter has been scheduled for October 4, 2024. As it currently stands, the total offense level is thirty-one (31). Mr. Ventura-Santos's criminal history score is zero (0). As such, his criminal history category is I. The resulting guideline range is 108-135 months of imprisonment. However, as noted above, per the parties' binding plea agreement, the parties have agreed a prison term of 70-108 months is appropriate in

this matter. As fully set forth below, Mr. Ventura-Santos humbly asks this Honorable Court consider the sum of his life—beyond this monumental mistake—along with his deteriorating physical health, and impose a sentence of 70 months to be served in a Federal Medical Center.

## II. HISTORY AND CHARACTER OF MR. VENTURA-SANTOS

Alejandro Ventura-Santos was born to Mr. Celestino Ventura-Trinidad and Ms. Luisa Santos-Gonzalez on August 13, 1979, in Mexico City, Mexico. He is the youngest of the couple's four children. Mr. Ventura-Santos was raised in a loving and supportive household, but the family consistently struggled with the fallout of poverty in their home country. Faced with this reality, Mr. Ventura-Santos's father left the family home and immigrated to California in search of work when Mr. Ventura-Santos was eight (8) years old. Shortly thereafter, Mr. Ventura-Santos's mother began an arduous battle with a multitude of serious medical conditions. At that time, Mr. Ventura-Santos and his then 11-year-old sister, Alma, were the only two of the four children who remained living in the family home. As Ms. Santos-Gonzalez's medical conditions progressed, extended hospital stays became her new reality. With their father and older siblings no longer in the family home, Mr. Ventura-Santos and Alma were left to look after each other, their mother, and the household responsibilities.

Mr. Ventura-Santos's life this way for the ensuing five (5) years, while unfortunately, his mother's health continued to significantly decline. Because the local hospitals required a family member to be present over the duration of Ms. Santos-Gonzalez's hospital stays, Mr. Ventura-Santos and his sister bore this additional responsibility while also attending school and managing the domestic chores for the

home. By the time Mr. Ventura-Santos turned 13, his mother's hospital stays were increasingly enduring, thereby increasing the amount of time his presence was required in the hospital as well. As a result, Mr. Ventura-Santos was forced withdraw from traditional school. Nevertheless, seeking a better future and a way to provide for his family, Mr. Ventura-Santos enrolled in night school, which he would attend after spending his days by his mother's bedside. Although untraditional, through this route, Mr. Ventura-Santos was able to receive the equivalent of a high school diploma. Following his mother's passing, he immigrated to the United States at the age of 19.

After immigrating in America, Mr. Ventura-Santos was able to reunite with his siblings, and he maintains a close relationship with them to this day. Mr. Ventura-Santos also became the proud father of three children with his longtime partner. In approximately 2015, Mr. Ventura-Santos's relationship with his children's mother began to deteriorate. This resulted in a series of court cases initiated by his former partner which were ultimately motivated by custody concerns. The domestic court awarded Mr. Ventura-Santos sole legal custody of his children and ordered that he be designated as the residential parent. However, his former partner fled with the children and Mr. Ventura-Santos has tragically been unable to locate her or communicate with his children since December 2016.

During this process, Mr. Ventura-Santos was detained and sent to appear before an immigration court in Cleveland, Ohio. The court permitted Mr. Ventura-Santos to remain in the country in order to continue his search for his children. These efforts never ceased. Prior to his arrest and detention in this case, Mr. Ventura-Santos began a romantic relationship with his current partner, Neyla Mejia. In this new relationship, Mr.

Ventura-Santos also stepped up as a father-figure to Ms. Mejia's two young children. Like he has done since his early childhood years, Mr. Ventura-Santos took on and happily bore the responsibility of providing for Ms. Mejia and her children, both emotionally and financially. Mr. Ventura-Santos worked multiple jobs to support himself, his family, and Ms. Mejia and her children, while simultaneously funding his ongoing effort to locate his three children. Up until his arrest, Mr. Ventura-Santos worked on and managed several construction projects and also worked parttime at his sister's grocery store.

This unyielding, decades-long desire to provide a better life for his loved ones and a better childhood than his own for his children is what ultimately led to Mr. Ventura-Santos's decision underlying the case at hand. Mr. Ventura-Santos recognizes this as the biggest mistake of his life, and is unequivocally remorseful for his actions in this regard. Recognizing that he cannot change his past choices, Mr. Ventura-Santos has attempted to demonstrate his remorse and acceptance of responsibility through all of his actions since the time of his arrest. Mr. Ventura-Santos accepts full responsibility for his choices and does not minimize his actions. His biggest regret is that the decisions he made in an attempt to provide a good and safe life for his loved ones were the same decisions that have taken him away from them for the foreseeable future.

As a final note, Mr. Ventura-Santos wishes to inform the Court of his physical health, which has unfortunately deteriorated dramatically over the course of his detention. As noted in the Presentence Investigation Report, at the time of Mr. Ventura-Santos's plea and presentence interview, he suffered from diabetes, hypertension, and thyroid issues, and in April 2024 Mr. Ventura-Santos experienced the sudden swelling of his

lower legs. Since that time, his physical health has continued to rapidly deteriorate even further. Mr. Ventura-Santos has developed kidney problems and now requires dialysis treatment three times per week.

## II. PROCEDURAL SENTENCING FRAMEWORK

In *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007), the Supreme Court reaffirmed the sentencing regime announced in *United States v. Booker*, 543 U.S. 220 (2005), which requires district courts to consider the advisory Guidelines, but also permits district courts to tailor a sentence in light of the other statutory concerns set forth in 18 U.S.C. § 3553(a). Thus, after properly calculating the advisory range under the Sentencing Guidelines, a factor which serves as only the "starting point" or "initial benchmark," district courts must then consider each of the § 3553(a) factors to impose a sentence sufficient, but not greater than necessary to fulfill the purposes of sentencing. *Gall v. United States*, 128 S.Ct. 586, 59697 (2007). District courts are afforded sentencing discretion because it is the district courts who are "in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall*, 128 S.Ct. at 598.

## III. FACTORS TO CONSIDER FOR SENTENCING

Under the statutory concerns set forth in Section 3553(a), district courts are directed to impose the minimally sufficient sentence to achieve the statutory purposes of punishment, justice, deterrence, incapacitation, and rehabilitation.

18 U.S.C. 3553(a)(1) directs the Court to consider the nature and circumstances of the offense and the history and characteristics of the Defendant. Importantly, Mr.

Ventura-Santos was not personally involved in drug trafficking activities and his criminal acts neither included crimes of violence nor victimized any individuals in the community. That being said, Mr. Ventura-Santos acknowledges his actions directly enabled individuals involved in drug trafficking; he now recognizes that in turning a blind eye to this behavior, he unintentionally and indirectly contributed to the perpetuation of the drug problem in the community he so loves.

With the exception of the conduct giving rise to the present case, Mr. Ventura-Santos has otherwise lived a law-abiding life. Mr. Ventura-Santos quickly took accountability for his actions by pleading guilty to the one-count Information. From the time he was an eight-year-old child in Mexico, Mr. Ventura-Santos's life has revolved around providing and caring for his family. He regrets that the mistakes he has made in pursuit of this goal have ultimately extinguished his ability to do so—at least for the foreseeable future.

It is Mr. Ventura-Santos's position that a 70-month term of incarceration is sufficient to satisfy the statutory purposes of sentencing. Following his release, Mr. Ventura-Santos will likely face deportation. Recognizing this reality, Mr. Ventura-Santos's primary prayer is that during the course of his confinement he will be able to receive medical care necessary to stabilize his health so that he is able to return to a life of honest work in support of his loved ones upon his release. As such, to the extent that it is within the Court's discretion, Mr. Ventura-Santos respectfully asks this Honorable Court to allow him to serve his prison term at a Federal Medical Center.

## IV. CONCLUSION

For the reasons discussed above, Defendant Alejandro Ventura-Santos respectfully requests this Honorable Court impose a sentence of seventy (70) months incarceration to be served in a Federal Medical Center. This sentence would be sufficient, but not greater than necessary to satisfy the goals of sentencing.

Respectfully Submitted,

*s/ Bertha Duran*
Bertha Duran (0078675)
Attorney for Defendant
52 W. Whittier St.
Columbus, OH 43206

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document has been electronically served on Assistant United States Attorney S. Courter Shimeall via the Court's electronic filing system this 27th day of September 2024.

*s/ Bertha Duran*
Bertha Duran (0078675)
Attorney for Defendant