**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cr-39** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **ALEJANDRO VENTURA-SANTOS,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on two *pro se* motions submitted by Defendant Alejandro Ventura-Santos: a Motion for Compassionate Release, (ECF No. 49), and a "Motion for Amendment 821," (ECF No. 51), seeking a reduction in sentence. For the reasons set forth below, Mr. Ventura-Santos' Motions are **DENIED**.

**I.     BACKGROUND**

On August 19, 2023, Defendant Alejandro Saul Ventura-Santos was charged with one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(h). (ECF No. 1 at 1). According to the Government, Ventura-Santos conspired with Francisco Ventura-Santos and others to launder and send millions of dollars in narcotics proceeds to Mexico through "La Tiendita," a grocery store located in Columbus, Ohio. (ECF No. 1-1 ¶¶ 4, 13–14). On April 26, 2024, Ventura-Santos pleaded guilty, with an agreed-upon sentencing disposition including a term of incarceration between 70 and 108 months. (ECF Nos. 29 at 2; 31). On October 4, 2024, the Court sentenced Ventura-Santos to a term of 72 months' imprisonment, to be followed by a term of 3 years of supervised release and a $1 million forfeiture money judgment. (ECF No. 43). Shortly thereafter, Ventura-Santos moved to reduce his sentence pursuant to U.S.S.G. § 4C1.1. (ECF No. 46). The Court denied that motion on

1

May 7, 2025. (ECF No. 48). Subsequently, Ventura-Santos submitted a request for a sentence reduction through compassionate release to the warden of his prison, which was denied on July 5, 2025. (*See* ECF No. 49-2 at 7–8).

On August 18, 2025, Ventura-Santos moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release. (ECF No. 49 at 1). In that Motion for Compassionate Release, Ventura-Santos conclusorily claimed to suffer from medical conditions "requir[ing] long-term or specialized medical care that is not being provided and without which [he would be] at risk of serious deterioration in health or death"—though he did not actually describe any medical condition in that motion. (*Id.* at 5–6, 10). Instead, he attached voluminous medical records to his motion. (ECF No. 49-2). These records do indicate that Ventura-Santos has been receiving dialysis treatment for kidney disease since October 2024. (*Id.* at 4; *see id.* at 10, 16). They also show that Ventura-Santos has type 2 diabetes, for which he is receiving treatment, and has had incidents of back pain treated with pain medication. (*Id.* at 9; *see generally id.* at 11–13, 15).

On February 10, 2026, Ventura-Santos moved for a two-point reduction to his sentence in a short, one-page filing due to "his none past criminal history [sic]" in a motion entitled "Motion for Amendment 821." (ECF No. 51 at 1). In that motion, Ventura-Santos represents that "he suffers from chronic and debilitating illnesses and . . . is on dialysis treatments 3 times per week [for 3.5] hours each [time]," explaining that he "requir[es] a kidney transplant." (*Id.* at 1).

The Government timely opposed each request for relief, (ECF Nos. 50; 52), and Ventura-Santos did not file a reply in support of either motion. These motions are now ripe for review.

## II.    LAW & ANALYSIS

The Court first considers whether Ventura-Santos has made a sufficient showing of extraordinary or compelling reasons warranting compassionate release, before considering his request for a reduction in sentence.

### A.  Compassionate Release

A sentencing court "may reduce the term of imprisonment" by granting compassionate release upon a defendant's motion following "the lapse of 30 days from the receipt of [defendant's] request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  For defendants under age 70 who have administratively exhausted their remedies, *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020), the court must:  (1) find that "extraordinary and compelling reasons warrant such a reduction" in the term of imprisonment; (2) consider the applicable sentencing factors that are set forth in 18 U.S.C. § 3553(a); and (3) determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i); *United States v. Bricker*, 135 F.4th 427, 433 (6th Cir. 2025).

These requirements are necessary prerequisites, and the defendant's failure to satisfy any of the three is alone sufficient for denial.  Where the defendant fails to satisfy a prerequisite, the court "do[es] not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). And even when all conditions are met, the district court maintains discretion to grant or deny compassionate release.  *United States v. Jones*, 980 F.3d 1098, 1101–02, 1106 (6th Cir. 2020) ("[T]he compassionate release decision is discretionary, not mandatory.").

Ventura-Santos must first exhaust his administrative remedies before he may request compassionate release from the Court.  Ventura-Santos apparently did seek administrative relief, though he does not provide the letter he submitted to the warden.  Thus, the Court cannot ascertain

whether he has met his burden to exhaust his administrative remedies fully, as it is unclear whether Ventura-Santos "provide[d] the Bureau of Prison[s] with the opportunity to consider [these] argument[s] prior to seeking compassionate release." *United States v. Neidik*, 2026 WL 775560, at *2 n.4 (S.D. Ohio Mar. 19, 2026) (Marbley, J.) (citing *United States v. Griffin*, 2026 WL 115465, at *2 (S.D. Ohio Jan. 15, 2026) (Marbley, J.)); *accord United States v. Walton*, 2026 WL 1096793, at *2 (S.D. Ohio Apr. 23, 2026) (Newman, J.) (defendant failed to exhaust administrative remedies where letter to warden did not provide a factual basis for compassionate release).  However, the Government does not challenge that Ventura-Santos has exhausted his administrative remedies, (ECF No. 50 at 3 n.1), and therefore the Court will presume that this requirement is satisfied.  *See Alam*, 960 F.3d at 833 (courts are only bound by this claim-processing rule when administrative exhaustion is "properly asserted and not forfeited").

But even assuming Ventura-Santos provided detailed reasons why he should be granted compassionate release to the warden, he has not given such reasons to the Court.  Indeed, his Motion for Compassionate Release is perfunctory and conclusory.  (*E.g.*, ECF No. 49 at 6 ("I suffer from a serious chronic medical condition which is continuously progressing and it is not reversable.")).  It does not provide extraordinary and compelling reasons why compassionate release is warranted in this case.

Generally, the burden of proof is on the moving party.  *United States v. Hall*, 877 F.3d 676, 685–86 (6th Cir. 2017).  This applies to requests for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as "the prisoner who moves for compassionate release bears the burden of establishing an extraordinary and compelling reason for release." *United States v. Gordon*, 2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024) (citing *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021)).  Although Ventura-Santos is a prisoner litigant seeking relief *pro se*, and thus is entitled

to some leeway when seeking relief in federal court, *cf. United States v. Ninety Three Firearms*, 330 F.3d 414, 427–28 (6th Cir. 2003) (recognizing that prisoner litigants "often have little choice in proceeding on their own behalf"), he still has to show "the existence of extraordinary and compelling reasons justifying compassionate release." *Neidik*, 2026 WL 775560, at *2. He has not done so. Unspecified chronic medical conditions that continuously progress and are not reversible—even if credited as serious—are not, in and of themselves, extraordinary and compelling reasons for compassionate release. Without more information, there is no way to tell whether they are so "unusual, rare, and forceful" to justify relief. *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (en banc).

Even if the Court assumes that Ventura-Santos seeks compassionate release for his kidney disease, diabetes, and back pain, he cannot rest on the mere existence of these ailments to show that he is entitled to compassionate release. *See, e.g.*, *United States v. Prather*, 2021 WL 6210637, at *1–2 (6th Cir. Dec. 6, 2021) (affirming district court's denial of motion for compassionate release based on "stage 3 chronic kidney disease, hypertension, and lower back pain"); *United States v. Mukherjee*, 614 F. Supp. 3d 560, 567–68 (E.D. Mich. 2022) (denying motion for compassionate release where 80-year-old movant had type-2 diabetes and chronic kidney disease, along with other maladies); *United States v. Perez*, 2025 WL 3679747, at *1 (6th Cir. Dec. 18, 2025) (affirming district court's denial of motion for compassionate release based on "diabetes, high blood pressure, abdominal pain, and kidney disease"). The records offered suggest that the Bureau of Prisons is equipped to provide medical care for these conditions and has been providing Ventura-Santos with such care. *Cf. Perez*, 2025 WL 3679747, at *2 ("The record, in short, belies the claim that necessary 'medical care . . . is not being provided.'"); *United States v. McGrath*, 2021 WL 363548, at *4 (S.D. Ohio Feb. 3, 2021) (Sargus, J.).

5

The Court need not consider the applicable 18 U.S.C. § 3553(a) sentencing factors or sentencing commission policy statements, as Ventura-Santos has not developed any argument that compelling and extraordinary reasons justify compassionate release here.  *Elias*, 984 F.3d at 519; *accord Perez*, 2025 WL 3679747, at *2.  This motion is conclusory and does not advance a cognizable legal argument.  It fails for those reasons.

### B.  Sentence Reduction

Next, the Court considers Ventura-Santos' argument that he should receive "the 2 points reduction from Amendment 821." (ECF No. 51 at 1).  The Sentencing Guidelines were amended effective November 1, 2023, to provide for a 2-level reduction in offense level if certain conditions are met.  U.S.S.G. § 4C1.1; *see* U.S.S.G. Appendix C, Amend. 821.  As the Court has already noted, (ECF No. 48 at 1–2), and as the Government points out in its opposition, (ECF No. 52 at 1–2), Ventura-Santos already received this reduction when he was sentenced.  (ECF Nos. 45 at 2; 36 ¶ 47).  Thus, the Court reiterates that "Ventura-Santos is ineligible for a further sentence reduction under U.S.S.G. § 4C1.1 because he already received the Zero-Point Offender reduction at the time of sentencing."  (ECF No. 48 at 3).

### III.   CONCLUSION

For the foregoing reasons, Ventura-Santos' Motion for Compassionate Release (ECF No. 49) is **DENIED WITHOUT PREJUDICE**; Ventura-Santos' "Motion for Amendment 821) (ECF No. 51) seeking a Zero-Point Offender reduction in his sentence is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 27, 2026**