**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cr-39** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **ALEJANDRO VENTURA-SANTOS,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Alejandro Ventura-Santos's *pro se* Motion to Reconsider (ECF No. 54) the Court's prior Opinion and Order denying his request for compassionate release. Mr. Ventura-Santos' Motion is **DENIED**.

## I. BACKGROUND

Defendant was charged with one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(h) in 2023. (ECF No. 1 at 1). He pleaded guilty in 2024, with an agreed-upon sentencing disposition including a term of incarceration between 70 and 108 months. (ECF Nos. 29 at 2; 31). The Court ultimately sentenced him to a term of 72 months' imprisonment, to be followed by a term of 3 years of supervised release and a $1 million forfeiture money judgment. (ECF No. 43). Shortly thereafter, Defendant moved to reduce his sentence pursuant to U.S.S.G. § 4C1.1. (ECF No. 46). The Court denied that motion. (ECF No. 48). Subsequently, Defendant sought a sentence reduction through compassionate release from the warden of his prison, which was denied on July 5, 2025. (*See* ECF No. 49-2 at 7–8).

On August 18, 2025, Defendant moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release and claiming to suffer from unspecified medical

conditions requiring "long-term or specialized medical care that is not being provided and without which [he would be] at risk of serious deterioration in health or death." (ECF No. 49 at 1, 5–6, 10). Defendant included voluminous medical records to his motion, which indicated that is being treated for kidney disease, type 2 diabetes, and back pain. (ECF No. 49-2 at 4, 10, 16).

The Court denied Defendant's request, observing that his motion was "perfunctory and conclusory," and failed to provide "extraordinary and compelling reasons" why compassionate release was warranted in this case. *United States v. Ventura-Santos*, 2026 WL 1481298, at * 2 (S.D. Ohio May 27, 2026) (Marbley, J.) (ECF No. 53). The Court explained that the mere existence of kidney disease, type 2 diabetes, and back pain do not suffice to show that a prisoner is entitled to compassionate release. (*Id.* at 5) (collecting cases).

Now, on a motion for reconsideration, Defendant renews his request for compassionate release, arguing that the basis for his motion:

> [C]omes from the now years of being on dialysis treatments and insulin his body is no longer the same is mind set is no longer the same. He asks this Honorable Court and Judge to have mercy and compassion on him. His upbringing and his siblings got him into this dilemma and now is [*sic*] about dying or surviving another day. As the Court did received [*sic*] a copy of a lengthly [*sic*] medical records with all of Mr. Ventura-Santos's chronic and deteriorating medical conditions and under 'other reasons' of compelling and extraordinary reasons Mr. Ventura-Santos does qualify for relief through a sentence reduction. Mr. Ventura-Santos request is valid and very important because at this time it has become a violation of his U.S. Constitutional 8th Amendment under the cruel and unusual punishment section. Why? Because his incarceration vs chronic health issues become just that the body under dialysis take a harsh toll and its functions are minimal at best. [*sic*] Mr. Ventura-Santos does not want to believe that the United States of America's government would rather see him die. He needs a kidney transplant in order to stay alive. He has a strong home plan and his family members inside the United States are willing to help him financially and with whatever else is needed by him.

(ECF No. 54 at 1–2).

## II. LAW & ANALYSIS

The Federal Rules do not expressly provide for motions for reconsideration. *See United States v. Capps*, 810 F.2d 203 (6th Cir. 1986) ("There is no specific provision in either the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure for motions for reconsideration."); *accord United States v. Ortiz*, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]options for reconsideration in criminal cases are not specifically authorized either by statute or by rule."). But federal courts are often confronted with motions for reconsideration, and tend to evaluate them by applying the same standard used for motions to alter or amend a judgment under Fed. R. Civ. P. 59(e). *E.g.*, *United States v. Lewis*, 2020 WL 2557196, at *1 (S.D. Ohio May 20, 2020) (Marbley, J.); *United States v. Torres-Moreno*, 28 F. Supp. 3d 136, 137 (D.P.R. 2014). Generally, motions for reconsideration are "only warranted where there is: (1) an intervening change of controlling law; (2) newly discovered evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Pegg v. Davis*, 2009 WL 5194436, at *1 (S.D. Ohio Dec. 22, 2009) (Marbley, J.).

Defendant's motion for reconsideration fails to establish any of these three bases. First, he does not advance any argument about an intervening change of controlling law. Second, he does not offer any newly discovered evidence. At most, he directs the Court's attention back generally to his prior submission of sixty-one pages of miscellaneous documents, including medical records, (ECF No. 49-2), and suggested that this submission contained evidence establishing the extraordinary and compelling reasons for his compassionate release. But the Court already considered those documents and rejected that argument in its May 27, 2026 opinion, explaining that the Defendant "cannot rest on the mere existence of [his kidney disease, diabetes, and back pain] to show that he is entitled to compassionate release. . . . The records offered suggest that the Bureau of Prisons is equipped to provide medical care for these conditions and has been providing Ventura-

Santos with such care." *Ventura-Santos*, 2026 WL 1481298, at *3. At any rate, that evidence certainly is not *newly-discovered* and cannot support a motion for reconsideration on that basis. Finally, Defendant fails to show any clear error or need to prevent manifest injustice arising from the Court's prior ruling. His motion may disagree with that prior ruling, and argue that his condition is chronic, deteriorating, and taking a harsh toll on his health, but these arguments are unsupported and conclusory. To the extent that he refers back to his previously-submitted medical records, he does not point the Court to anything within them in particular. He must do so, "because it simply is not the duty of the district court to scour the entire record on its own accord." *Rudolph v. Harrison Metro. Housing Auth.*, 2026 WL 1492598, at *3 (S.D. Ohio May 28, 2026) (Marbley, J). Put differently, "[j]udges are not like pigs, hunting for truffles that might be buried in the record." *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (cleaned up).

## III. CONCLUSION

Because Defendant Ventura-Santos has failed to establish any basis for the Court to reconsider its prior decision, his Motion to Reconsider (ECF No. 54) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: October 20, 2026**